UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>PARK 54 RESTAURANT GROUP LLC,<br><br>                  Debtor. | Chapter 11<br>(Subchapter V)<br>Case No. |

**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND
FOR ADEQUATE PROTECTION THEREFOR**

Upon consideration of the Debtor's Emergency Verified Motion for Authority to Use Cash Collateral (the "Motion"), dated October 10, 2025, wherein the Debtor seeks an order of this Court (i) authorizing, on an interim and final basis, the Debtor to use the cash collateral of creditors WebBank and Dorchester Bay Neighborhood Loan Fund (the "Secured Creditors"), and for approval of the adequate protection for such use on the terms proposed in the Motion and (ii) requiring LG Funding and Door Dash (the "MCA Lenders") to immediately release all restraint on the Debtor's receivables; the Debtor having represented in the Motion that its ongoing operations would be severely disrupted unless the relief sought by the Motion were granted forthwith, and this Court, accordingly, having held an emergency hearing on _____, 2025; the Debtor having attested that copies of the Motion were served on _____, 2025; the Debtor having attested that copies of the notice of the hearing on the Motion were served on _____, 2025 by ECF, email or fax transmission, as reflected in the Certificate of Service filed with the Motion and Scheduling Order upon: (a) the Office of the United States Trustee for this district; (b) the Subchapter V Trustee; (c) the Debtor's 20 largest unsecured creditors as reflected in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d); (d) the Internal Revenue Service; (e) the Massachusetts Department of Revenue; (f) the

Massachusetts Department of Unemployment Assistance; and (g) the Debtor's secured creditors (collectively the "Notice Parties"); this Court having found such service and notice of the Motion and the hearing thereon to be sufficient notice, pursuant to Sections 361 and 363 of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and MLBR 4001-2(b), in the particular circumstances; it appearing to this Court that the Debtor is able to provide the Secured Creditors with adequate protection of the type described in Section 361(2) of the Bankruptcy Code and is therefore entitled, under Section 363(c) of the Bankruptcy Code, to utilize in the ordinary course of its business the collateral in which the Secured Creditors claim a security interest; and it appearing to this Court that the relief sought in the Motion is in the best interests of the Debtor and its creditors; it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted.

2. On an interim basis, the Debtor be, and hereby is, authorized to collect and use those prepetition assets in which the Secured Creditors claim a security interest, including any proceeds of prepetition accounts receivable, and cash on hand, for the purposes and on the terms proposed in the Motion in the operation of its business as debtor-in-possession, _provided, however_, that pursuant to Fed. R. Bankr. P. 4001(b)(2) and pending allowance of a final order allowing the relief requested in the Motion, the Debtor shall use and expend only that amount of asserted cash collateral as is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing of this Court on the Motion.

3. Unless LG Funding and Door Dash file with the Court a written objection to this Order on or before _____, 2025 at 4:30 p.m., the Court hereby determines and orders that

the amount of proceeds of any "sold" receivables used by the Debtor shall be deemed a secured loan, and that such receivables are property of the estate. LG Funding and Door Dash shall each have a pro rata postpetition security interest in the Debtor's post-petition accounts receivable to secure those amounts. LG Funding and Door Dash are therefore ordered to release the restraint on all funds of the Debtor held by Toast and Shift4 and such entities are ordered to remit any such funds previously restrained to the Debtor.

4. As adequate protection to the Secured Creditors for the Debtor's use of assets in which the Secured Creditors claim a security interest:

    a. The Debtor shall grant to each of the Secured Creditors continuing replacement liens and security interests to the same validity, extent and priority that each would have had in the absence of the bankruptcy filing;

    b. The Debtor shall remain within its Budget, attached hereto as Exhibit A, within an overall margin of 10 percent; and,

    c. The Debtor shall, by the 15th day of each month, beginning in November 2025, make monthly adequate protection payments to WebBank in the amount of $892.00 and to Dorchester Bay Neighborhood Loan Fund in the amount of $250.00. In each case, the application of the adequate protection payments to principal or interest shall be reserved until further order of this Court.

5. The hearing to consider further approval of use of collateral and adequate protection therefor as proposed in the Motion is hereby scheduled for _____a.m./p.m. on _____, 2025, at _____

_____. Any objections must be filed by

_____, 2025.   The Debtor shall provide notice of such hearing and objection deadline, by way of a copy of this Order, by first class mail upon each of the Notice Parties by the next business day following this Court's entry of this Order.

6. On or before _____, 2025, the Debtor shall file: (a) a reconciliation of its actual receipts and disbursements as compared to the Budget; and (b) a new 13-week budget for the period covering _____, 2025, through _____, 2025.

                                                BY THE COURT

Dated:  _____, 2025                       _____
                                                    United States Bankruptcy Judge